UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHAWN HANSEN on his own behalf and all
similarly situated individuals,

    Plaintiff,

vs.                                              Case No. 3:09-cv-966-J-34MCR

ABC LIQUORS, INC., a Florida profit
corporation, d/b/a ABC Fine Wine & Spirits,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Strike Defendant's Affirmative Defenses to Plaintiff's Complaint (Doc. 10) filed October 23, 2009.

**I.    BACKGROUND**

On September 23, 2009, Plaintiff, Shawn Hansen, filed a Complaint on behalf of himself and those similarly situated seeking recovery of overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). (Doc. 1). Defendant, ABC Liquors, Inc., filed its Answer and Affirmative Defenses to Plaintiff's Complaint (Doc. 8) on October 15, 2009. In it, Defendant raised various affirmative defenses which included, inter alia, failure to state a claim, failure to meet the requisite elements for a collections action, individuals not similarly situated, set-off, mitigation, accord and satisfaction, estoppel, and waiver. Id.

On October 23, 2009, Plaintiff filed the instant Motion seeking to strike the above-named affirmative defenses as being insufficient as a matter of law. (Doc. 10). Additionally, Plaintiff contends Defendant's claim for attorney's fees should be stricken. Id. In response, Defendant argues Plaintiff's Motion to Strike should be denied because none of the contested defenses are patently frivolous or clearly invalid as a matter of law. (Doc. 11). Accordingly, this matter is ripe for judicial review.

## II.     ANALYSIS

### A.     Motion to Strike Standard

A court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "[a] motion to strike is a drastic remedy, which is disfavored by the courts." Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (internal quotations omitted). Accordingly, motions to strike are usually "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Falzarano v. Retail Brand Alliance, Inc., 2008 U.S. Dist. LEXIS 25358, 2008 WL 899257, at *1 (S.D. Fla. 2008) (citations and internal quotations omitted). An affirmative defense will also be stricken if it is insufficient as a matter of law. See Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). "An affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove." Fla. Software Sys., Inc. v. Columbia/HCA Healthcare Corp., 1999 U.S. Dist. LEXIS 15294, 1999 WL 781812, at *1 (M.D. Fla. 1999).

Affirmative defenses are also subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed R. Civ. P. 8(b)(1)(A). Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

### B. Defense of Failure to State a Claim

Defendant's First Affirmative Defense states, "Plaintiff's Complaint fails to state claims for which relief may be granted against Defendant." (Doc. 8, p. 7). The foregoing statement is not an affirmative defense. Rather, it is a denial, as it alleges only a defect in Plaintiff's prima facie case. See In re Rawson Food Service, Inc., 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."). However, when a party incorrectly labels a "negative averment as an affirmative defense rather than as a specific denial[,] . . . the proper remedy is not [to] strike the claim, but rather to treat [it] as a specific denial." Home Mgmt. Solutions, Inc. v. Prescient, Inc., 2007 U.S. Dist. LEXIS 61608, 2007 WL 2412834, at *3 (S.D. Fla. 2007) (internal citations omitted)(alterations in original); see also Gonzalez v. Spears Holdings, Inc., 2009 U.S. Dist. LEXIS 72734, 2009 WL 2391233 (S.D. Fla. July 31, 2009) (same). Therefore, the Court will treat Defendant's First Affirmative Defense as a denial and will not strike it.

### C. Defense of Failure to Meet the Requisite Elements for a Collections Action

Defendant's Third Affirmative Defense states:

> The Plaintiff's claim for a collective action fails as a matter of law because the requisite elements are missing for a collective action.

(Doc. 8, p. 7). Again, the foregoing statement is not an affirmative defense. Rather, it is a denial, as it alleges only a defect in Plaintiff's prima facie case. See In re Rawson 846 F.2d at 1349. Therefore, the Court will treat Defendant's Third Affirmative Defense as a denial and will not strike it. See Home Mgmt. Solutions, Inc., 2007 U.S. Dist. LEXIS 61608, 2007 WL 2412834, at *3 (holding when a party incorrectly labels a negative averment as an affirmative defense, the proper remedy is to treat it as a specific denial).

### D. Defense that Individuals Are Not Similarly Situated

Defendant's Fourth Affirmative Defense states, "A collective action is not appropriate because the Plaintiff and other persons are not similarly situated." (Doc. 8, p. 7). Plaintiff has not alleged the affirmative defense at issue here has no possible relationship to the controversy, may confuse the issues or may prejudice them in any fashion. Additionally, the Court finds this defense is not insufficient as a matter of law. In fact, it appears that Defendant could prove a set of facts upon which this defense would be successful. Therefore, the Court will deny Plaintiff's Motion to Strike Defendant's Fourth Affirmative Defense.[1]

---

[1] The Court is not making a determination as to the probability of success on the merits of Defendant's defense. Rather, it declines to grant such a drastic remedy at the present time.

### E.     Defense of Set-off

Defendant's Sixth Affirmative Defense states:

> Any damages for any alleged unpaid overtime wages that the Plaintiff is claiming are offset by any pay the Plaintiff was paid and/or overpaid for a particular workweek or by any pay that Defendant was not required to pay to the Plaintiff for a particular workweek.

(Doc. 8, p. 8). A set-off is pay that an employee receives to which he or she was not otherwise entitled that is subtracted from any amount of overtime compensation owed. Mercer v. Palm Harbor Homes, Inc., 2005 U.S. Dist. LEXIS 28290, 2005 WL 3019302, at *2 (M.D. Fla. 2005); Tibensky v. C.D.C. Acquisition Corp., 2005 U.S. Dist. LEXIS 45858, 2005 WL 1949825, at *1 (M.D. Fla. 2005).

In Brennan v. Heard, the former Fifth Circuit considered the appropriateness of set-offs applied for the value of goods furnished by the employer to the employee against the amount due in back pay in a FLSA case. Brennan v. Heard, 491 F.2d 1, 3 (5th Cir. 1974), *overruled on other grounds*, McLaughlin v. Richland Shoe Co., 486 U.S. 128, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988).[2] Brennan held that, in FLSA cases, set-offs may not result in sub-minimum wage payments to an employee. Id. at 1. In rejecting the use of set-offs in FLSA cases, the court stated:

> [T]he FLSA decrees a minimum unconditional payment and the commands of that Act are not to be vitiated by an employer, either acting alone or through the agency of a federal court….Set-offs against back pay awards deprive the

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

> employee of the 'cash in hand' contemplated by the Act, and
> are therefore inappropriate in any proceeding brought to
> enforce the FLSA minimum wage and overtime provisions.

Id. at 4.

However, a later Fifth Circuit case, Singer v. City of Waco, Tex., 324 F.3d 813, 828 n.9 (5th Cir. 2003), pointed out that Brennan does not prohibit a set-off when the set-off will not cause a plaintiff's wages to dip below the statutory minimum. In Singer, overpayments of wages paid to employees in some work periods were set-off against shortfalls in other work periods. Id. at 828. In other words, the set-off in Singer did not cause the employees' wages to fall below the statutory minimum wage and therefore, the set-off was permitted. Id. at 828 n.9.

Several courts in this circuit agreed that Brennan does not stand for the proposition that set-offs are always inappropriate; but rather Brennan stands for the more limited proposition that set-offs cannot cause a plaintiff's wages to fall below the statutory minimum. See Blanc v. Safetouch, Inc., 2008 U.S. Dist. LEXIS 68158, 2008 WL 4059786 (M.D. Fla. 2008); Cole v. Supreme Cabinets, Inc., 2007 U.S. Dist. LEXIS 42507, 2007 WL 1696029, at *4 (M.D. Fla. 2007); Clifton v. Kinney, 2006 U.S. Dist. LEXIS 85256, 2006 WL 3404813, at *3 (M.D. Fla. 2006); Kirby v. Tafco Emerald Coast, Inc., 2006 U.S. Dist. LEXIS 6088, 2006 WL 228880, at *2 (N.D. Fla. 2006); Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp.2d 1314, 1321 (S.D. Fla. 2005); Mercer v. Palm Harbor Homes, Inc., 2005 U.S. Dist. LEXIS 28290, 2005 WL 3019302, at *2 (M.D. Fla. 2005).

Here, Plaintiff has not alleged he would receive a sub-minimum wage payment as a result of the defense of set-off.  As resolution of this issue necessarily involves factual determinations as to what exactly was paid and/or owed, the Court cannot say that the defense has no possible relationship to the controversy and no prejudice is apparent to awaiting a resolution on the merits.   Therefore, at this time, the Court will deny Plaintiff's Motion to Strike Defendant's Sixth Affirmative Defense.[3]

**F.     Defense of Mitigation**

Defendant's Tenth Affirmative Defense states:

> The Plaintiff's claim is barred in whole or in part because Plaintiff failed to take reasonable steps to mitigate his alleged damages, the existence of which damages Defendant expressly denies.

(Doc. 8, p. 8).  Plaintiff correctly argues that several courts in this circuit have found "there is no requirement to mitigate overtime wages under the FLSA." Morrison, 434 F. Supp. 2d at 1319 (holding it would contradict the purposes of the FLSA if an employee were required, after working overtime hours, to secure alternative employment to mitigate his damages); see also Perez-Nunez v. North Broward Hosp. Dist., 2009 U.S. Dist. LEXIS 25557, 2009 WL 723873 (S.D. Fla. Mar. 13, 2009) (holding a duty to mitigate damages defense fails as a matter of law where Plaintiff failed to mitigate damages by failing to timely disclose any alleged violation to her employer so that the terms of her employment could be corrected); Gonzalez v. Spears Holdings, Inc., 2009

---

[3] Again, the Court is not making a determination as to the probability of success on the merits of Defendant's defense.  Rather, it declines to grant such a drastic remedy at the present time.

U.S. Dist. LEXIS 72734, 2009 WL 2391233, at *7 (S.D. Fla. July 31, 2009) (holding that because there is no duty to mitigate damages, nor a duty to provide notice as to any alleged unlawful pay practice, the court struck the defendant's failure to mitigate defense). Accordingly, Defendant's Tenth Affirmative Defense is legally insufficient and will be stricken.

### G. Defenses of Estoppel, Waiver, and Accord and Satisfaction

Defendant's Sixteenth, Seventeenth, and Eighteenth Affirmative Defenses are brought pursuant to the doctrines of waiver, estoppel, and accord and satisfaction. (Doc. 8, pp. 9-10). However, the doctrines of waiver, estoppel, and accord and satisfaction are generally inapplicable to FLSA causes of action. Gonzalez, 2009 U.S. Dist. LEXIS 72734, 2009 WL 2391233, at *8; Perez-Nunez, 2009 U.S. Dist. LEXIS 25557, 2009 WL 723873, at *4-5; see also Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1983) ("FLSA rights cannot be abridged by contract or otherwise waived" (internal quotation omitted)); Caserta v. Home Lines Agency, Inc., 273 F.2d 943, 946-47 (2d Cir. 1959) (holding estoppel inapplicable in FLSA cases); Romero v. Southern Waste Sys., LLC, 619 F. Supp. 2d 1356 (S.D. Fla. 2009) (stating the defense of accord and satisfaction is not appropriate under the FLSA because an individual cannot waive entitlement to FLSA benefits).

Despite the general rule, a narrow exception provides that estoppel can be a valid defense to an FLSA claim where the party asserting estoppel is not seeking to entirely preclude the opposing party from bringing its FLSA claim. See Merriweather v. Latrese & Kevin Enters., Inc., 2009 U.S. Dist. LEXIS 48974, 2009 WL 1514640, at *4

(M.D. Fla. May 28, 2009) (holding estoppel is a valid defense to an FLSA claim when defendants seek to estop plaintiff from "seeking overtime compensation in excess of the amount of hours reflected in the records kept of his working time").  However, Defendant provided no argument as to why the Court should depart from the general rule precluding defenses of waiver, estoppel, and accord and satisfaction in FLSA claims.  See (Docs. 8, 11).  Further, Defendant provided no factual basis which would allow the Court to follow the limited estoppel exception.[4]  Id.  Therefore, the Court will strike Defendant's Sixteenth, Seventeenth, and Eighteenth Affirmative Defenses.

### H. Claim for Attorney's Fees

Plaintiff moves to strike Defendant's claim for attorney's fees, arguing the FLSA does not specifically provide attorney's fees to prevailing defendants.  See (Doc. 10, p. 12).  While this is generally accurate, a defendant may recover its attorney's fees from a losing plaintiff when the plaintiff has "acted in bad faith, vexatiously, wantonly or for other oppressive reasons."  Kreager v. Soloman & Flanagan, P.A., 775 F.2d 1541, 1543 (11th Cir. 1985) (internal quotations omitted).  It cannot be said at this stage that Defendant can prove no set of facts to support a future claim for attorney's fees.  Accordingly, the court will deny the motion to strike Defendant's claim for attorney's fees.

## III. CONCLUSION

Accordingly, after due consideration, it is

---

[4] Defendant's Seventeeth Affirmative Defense states, in its entirety, "[t]he Plaintiff's claim is barred by the doctrine of estoppel." (Doc. 8).  Defendant's response to Plaintiff's Motion to Strike does not address the issue.  See (Doc. 11).

**ORDERED**:

1.  Plaintiff's Motion to Strike Defendant's Affirmative Defenses to Plaintiff's Complaint (Doc. 10) is **GRANTED in part and DENIED in part**.

2.  Plaintiff's Motion to Strike is **DENIED** as to Defendant's First, Third, Fourth, and Sixth Affirmative Defenses and Defendant's "Claim for Attorney's Fees".

3.  Plaintiff's Motion to Strike is **GRANTED** as to Defendant's Tenth, Sixteenth, Seventeenth, and Eighteenth Affirmative Defenses.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this 9th day of November, 2009.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record